UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACDERMID, INCORPORATED | : | NO.: 3:07CV01566 (JBA) |
| v. | : | |
| RAYMOND SELLE, ET AL | : | NOVEMBER 2, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 19(b) FOR INABILITY TO JOIN AN INDISPENSABLE PARTY WHOSE JOINDER WOULD DESTROY DIVERSITY JURISDICTION**

Defendant, Raymond Selle ("Selle"), hereby submits this memorandum of law n support of the contemporaneously-filed Motion to Dismiss for Inability to Join an Indispensable Party Whose Joinder Would Destroy Diversity Jurisdiction, setting forth the reasons that his employer, Enthone, Inc. ("Enthone"), is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure in this case that seeks to enforce a non-compete agreement and prohibit Selle from working for Enthone. The plaintiff, MacDermid, Incorporated ("MacDermid"), has failed to join Enthone. The joinder of Enthone would destroy diversity jurisdiction pursuant to 28 U.S.C. §1332 because Enthone's principal place of business is in West Haven, Connecticut. For the following reasons, Enthone is an indispensable party to this litigation, and, therefore,

MacDermid's suit must be dismissed from federal court so that all parties with an interest may litigate this matter in a forum that has jurisdiction to hear the dispute.

**Facts**

This cause of action involves a claim that Selle breached his non-compete agreement with MacDermid by working for a competitor. MacDermid has sought relief that Selle's employer be enjoined from employing Selle, but MacDermid has failed to join his employer. Since the joinder of the employer would destroy diversity, this Court should dismiss this case.

According to the Verified Complaint, MacDermid employed Selle from 1979 until approximately September 10, 2007. During his employment, Selle and MacDermid executed an employment agreement containing, *inter alia*, a non-compete provision. The non-compete provision is one of the bases for MacDermid's suit against Selle and Cookson Group herein. MacDermid specifically demands an injunction permanently enjoining "Selle from employment with Cookson Group, plc and any other competitor of MacDermid . . . ." *See* Verified Complaint, at 11, ¶1(c). Accordingly, as in every non-compete case, MacDermid has asked this Court to enjoin Selle's new employer from employing Selle.

MacDermid, however, has joined the wrong party as the employer. MacDermid errantly alleges that Selle has taken a position with "Cookson Group, plc in its Cookson Electronics division." *See* Verified Complaint, at 4, ¶17. Instead, Enthone,

which is an indirect subsidiary of Cookson Group, currently employs Selle.[1] Declaration of Raymond Selle, at ¶¶4-5; Declaration of William S. Gorgone, at ¶¶3, 5. Cookson Group and Enthone nevertheless are distinct legal entities, each with its own corporate identity complete with separate articles of incorporation/association, separate bylaws/memoranda of association, separate boards of directors, and separate corporate governance mechanisms. Declaration of William S. Gorgone at ¶4.

Enthone, although incorporated pursuant to the laws of Delaware, has a principal place of business in West Haven, Connecticut. Declaration of William S. Gorgone at ¶2. Similarly, MacDermid is a citizen of the state of Connecticut because it is incorporated under the laws of that state and has a principal place of business there. *See* Verified Complaint at 1, ¶1. The currently-named defendants, however, are not citizens of Connecticut. *See* Verified Complaint at 1-2, ¶¶2-3.

MacDermid has filed a motion for temporary restraining order and preliminary injunction, seeking to enjoin Cookson Group from employing Selle. This Court has scheduled a hearing on that matter for November 6, 2007. Selle now submits this motion and memorandum of law before that hearing with the hope that the Court will

---

[1] For reasons related to Brazil's employment and tax laws, Selle, while he works in Brazil, is paid in part by Enthone and in part by Cookson Electronics Brazil, Limitada, a company organized under the laws of Brazil and another indirect subsidiary of Cookson Group. As Enthone is a citizen of Connecticut, it is Enthone's status as Selle's employer that is central to this motion to dismiss.

take up as an initial matter these issues related to indispensable parties and subject-matter jurisdiction before reaching the substantive merits of MacDermid's request for preliminary injunctive relief. *See CP Solutions PTE, Ltd. v. General Electric Co.*, 470 F.Supp.2d 151, 155 (D.Conn. 2007) ("once the issue of diversity jurisdiction is raised, a Court must first determine its jurisdiction before ruling on other matters").

**Argument**

ENTHONE, AS SELLE'S CURRENT EMPLOYER, IS AN INDISPENSABLE PARTY TO THIS LITIGATION

    A.    <u>Enthone Is A Necessary Party Because The Failure To Join Enthone Will Compromise Its Ability To Protect Its Rights Concerning Selle's Employment, As Well As Possibly Result In Multiple, Inconsistent Obligations.</u>

Before determining whether a party is indispensable under Rule 19(b) of the Federal Rules of Civil Procedure, that party must first qualify as necessary under the criteria set forth in Rule (19)(a).[2] *See* Fed. R. Civ. P. 19(b). A necessary party is one that:

---

[2]    The pertinent sections of Rule 19 are as follows:

(a)    A person who is subject to service of process and whose joinder will not deprive the court jurisdiction over the subject matter of the action shall be joined as a part in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition in the action in the person's absence may

> (1)    in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition in the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reasons of the claimed interest.

Fed. R. Civ. P. 19(a).  Only based on the threshold finding that a party is necessary may a party proceed to the equitable balancing test of Rule 19(b).  *See Yamaha Motor*

---

> (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reasons of the claimed interest.  If the person has not been so joined, the Court shall order that the person be made a party.  If the person should join as a plaintiff but refuses to do so, the person may be made a defendant or in a proper case an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
>
> (b)    If a person is described in (a) (1-2) hereof cannot be made a party, the Court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the Court include:  first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(a)-(b).

*Corp. USA v. Ferrarotti*, 242 F.R.D. 178, 181 (D. Conn. 2007); *On-Line Technologies v. Perkin Elmer Corp.*, 141 F.Supp.2d 246, 251 (D. Conn. 2001).

Under Rule 19(a)(2), there can be no doubt that Enthone is a necessary party to this litigation. Regardless of who MacDermid names as a party, the principal objective of this litigation clearly is to prevent Selle from working in his current employment. *See* Verified Complaint, at 11, ¶1(c). Accordingly, Enthone has a significant interest in this matter that should be entitled to representation and protection. The litigation will determine whether an employee of Enthone can continue to work for Enthone. Furthermore, since Enthone would be unable to protect its interests in federal court, it would be left with no other recourse but to bring a separate action in another court seeking a determination that it lawfully may employ Selle. Dueling litigation tracks present the risk of multiple and/or inconsistent obligations that Rule 19 is designed to prevent. Accordingly, Enthone must be a party to this litigation in order to be heard on these important issues.

    B.    <u>Enthone Cannot Be Made A Party To This Litigation Because It Is Not Diverse From MacDermid.</u>

Subject matter jurisdiction in this action is grounded in 28 U.S.C. §1332(a)(1), which provides this Court with original jurisdiction over civil actions with a matter in controversy in excess of $75,000 between "citizens of different States." Since

MacDermid is citizen of Connecticut by virtue of the fact that it is both incorporated and has a principal place of business in Connecticut, MacDermid may not bring suit in this Court against a fellow Connecticut citizen based solely on diversity of citizenship. Enthone is a fellow Connecticut citizen by virtue of the fact that its principal place of business is in the state. Enthone, therefore, cannot be made a party to this litigation.

    C.    <u>Enthone Is Also An Indispensable Party That This Court May Not In Equity And Good Conscience Proceed Without, And, Therefore, This Action Should Be Dismissed.</u>

Since Enthone clearly is a necessary party that cannot be made a party, the inquiry shifts to whether Enthone is indispensable. Whether a party is indispensable is left to the "equity and good conscience" of the Court. Fed. R. Civ. P. 19(b). This "substantial discretion" expressly bestowed upon the Court in Rule 19(b), however, is counterbalanced by the principle that, before the case is dismissed, the determination must be made that just resolution of the matter is impossible without the presence of the nondiverse party. *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518, 527 (D.Conn. 1991); *see also, Provident Tradesmen Bank & Trust Co., v. Patterson*, 390 U.S. 102 (1968). For example, a Court will not exercise its discretion in favor of dismissal when the Rule 19(b) motion is brought post-trial in a blatant attempt to garner "'a windfall escape [after] a defeat at trial." *Curley v. Brignoli, Curley & Roberts Associates.*, 915 F.2d 81, 91 (2d. Cir. 1990). To be clear however,

> [t]he most common situation in which [the limitations of Rule 19(b)] cause difficulty is when the addition of a new party would destroy the court's diversity-of-citizenship jurisdiction. If the joinder of the absentee would destroy diversity and the court "in equity and good conscience" cannot proceed without the absentee, the action will have to be dismissed.

7 Wright, Miller & Kane, *Federal Practice and Procedure*, §1610 at 145-46 (2001).

The four factors to be considered in determining whether a party is indispensable are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). A party to a contract that is the subject of the litigation has been branded in this jurisdiction as the "paradigm of an indispensable party". *Travelers Indem. Co.*, 775 F.Supp. at 527; *see also, CP Solutions PTE, Ltd.*, 470 F.Supp.2d at 158.

Applying the four factors set forth above, a current employer has been held to be an indispensable party to litigation based on a non-compete provision in which a former employer seeks to enjoin an employee from his current employment. *The Torrington Co. v. Yost*, 139 F.R.D. 91, 94 (D.S.C. 1991). Not unlike cases involving parties to contracts, the ground for dismissal in cases such as this are "overwhelming." *Id.* That case involved a bearing manufacturer bringing suit against a former

employee, Yost, in a federal court without bringing suit against the current employer/business competitor. *Id.* at 92. The Court held that the first Rule 19(b) factor weighed heavily in favor of dismissal because, *inter alia*, the relief sought was an injunction preventing the employee from working for the absentee current employer. *Id.* at 93. The second factor also militated in favor of dismissal because the Court could not possibly fashion any of the relief sought without affecting the current employer. *Id.* Similarly, the third factor supported dismissal because, if Yost had divulged trade secrets to the current employer as the former employer had alleged, then the former employer would have no means of preventing the current employer from exploiting those trade secrets. *Id.* at 94. And finally, the Court noted that under the fourth factor that the case, with the inclusion of the current employer as a co-defendant, could proceed in state court. *Id.*

All of the Court's concerns in *The Torrington Co. v. Yost* with the failure to join the current employer are also exhibited herein. MacDermid seeks an injunction to enforce a non-compete provision and prevent Selle from being employed by his current employer. Based on this fact alone, the first and second factors require dismissal of this case. Enthone clearly will be prejudiced if judgment is rendered in its absence, and there is no means through which this Court could fashion the remedy requested without prejudicing Enthone. On the third factor, MacDermid alleges that Selle has disclosed trade secrets to his current employer, and, therefore MacDermid

9

has no means of preventing Enthone from exploiting those alleged trade secrets. Finally, MacDermid certainly has other available forums to bring this action. Much like *The Torrington Co. v. Yost*, the factors in favor of dismissal here are overwhelming.

Based on directly analogous precedent and the four Rule 19(b) factors, this Court should find that Enthone is an indispensable party and that in equity and good conscience this action cannot proceed in federal court. Just resolution of this dispute requires Enthone's presence in the case.

## Conclusion

For the foregoing reasons, Selle's Motion to Dismiss for Inability to Join Indispensable Party Whose Joinder Would Destroy Diversity Jurisdiction should be granted.

> DEFENDANT,
> RAYMOND SELLE
>
> By\_\_\_\_\_/s/ John J. Bogdanski\_\_\_\_
>   John J. Bogdanski
>   ct06217
>   David S. Monastersky
>   ct13319
>   Howd & Ludorf, LLC
>   65 Wethersfield Avenue
>   Hartford, CT  06114-1121
>   (860) 249-1361
>   (860) 249-7665 (Fax)
>   E-Mail: jbogdanski@hl-law.com
>   E-Mail: dmonastersky@hl-law.com

**CERTIFICATION**

This is to certify that on November 2, 2007, a copy of the foregoing Motion to Dismiss under F.R.C.P. 19(b) for Inability to Join an Indispensable Party whose Joinder Would Destroy Diversity Jurisdiction was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Ann H. Rubin, Esquire
Carmody & Torrance, LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

R. Bart Totten, Esquire
Kyle Zambarano, Esquire
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443

              /s/ John J. Bogdanski
              John J. Bogdanski
              David S. Monastersky