UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MACDERMID, INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>RAYMOND SELLE and<br>COOKSON GROUP plc,<br><br>    Defendants. | CIVIL ACTION NO.<br>NO.: 3:07CV01566 (JBA)<br><br>OCTOBER 8, 2008 |

### REPORT OF PARTIES PLANNING MEETING

Date complaint filed:                   October 25, 2007
Date complaint served:               Plaintiff alleges that service was made on various dates, October and November, 2007; Defendants dispute this service
Dates of Defendants' Appearances:    October 31, 2007; November 1, 2007; November 2, 2007

    Pursuant to F.R. Civ. P 16(b), 26(f) and D. Conn. L Civ.R. 26, conferences were held on December 3 and 14, 2007, and October 6, 2008.

    The participants were:

        Ann H. Rubin, Esq., Carmody & Torrance LLP, for the plaintiff.

        R. Bart Totten and Kyle Zambarano, Esq., Adler, Pollock & Sheehan, for the defendant, Cookson Group plc.

        John Bogdanski, Esq. and David Monastersky, Esq., Howd & Ludorf, for the defendant, Raymond Selle.

I.  CERTIFICATION.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. JURISDICTION.

    A.  Subject Matter Jurisdiction

        (1) The plaintiff alleges that the basis of subject matter jurisdiction is 28 U.S.C.§1332(a)(2); the defendants dispute subject matter jurisdiction. See Section III B & C below.

        (2) The plaintiff is a corporation organized and existing under the laws of the State of Connecticut, with a place of business in Connecticut.

        (3) The defendant Cookson Group plc is a business organization organized under the laws of the United Kingdom with a place of business in London, England.

        (4) The defendant Raymond Selle is a citizen of the United States. Selle claims to reside in Brazil; plaintiff disputes this.

        (5) The plaintiff alleges that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest or costs.

B.  Personal Jurisdiction

   (1)  The plaintiff alleges that service of the summons and complaint was made upon the defendant Cookson Group plc by personal service on October 29, 2007; Cookson Group plc disputes the validity of service. Plaintiff states that Cookson Group has filed an Answer, and thus has waived any claim of insufficiency of service of process.

   (2)  Service of the summons and complaint was made upon the defendant Raymond Selle by Federal Express at his Sao Paulo address pursuant to the Order of the Court (Doc. No. 64).

III.  BRIEF DESCRIPTION OF CASE.

   A.  Claims of Plaintiff

MacDermid brings this action to enforce Raymond Selle's Employee's Agreement and Addendum, including his covenant not to compete and confidentiality agreement. In his agreement with MacDermid, his former employer, Selle agreed that he would not work for a business competitive with MacDermid's advanced surface finishing business for a period of one year following conclusion of his employment. Selle resigned from his position at MacDermid, and immediately went to work for Cookson Group, in its Electronics Division, a competitor of MacDermid. MacDermid believes that Selle has disclosed and necessarily will disclose its trade secrets and confidential information to Cookson, and therefore seeks preliminary and permanent injunctive relief to enforce Selle's agreements.

MacDermid also brings this action against Cookson, for breach of its Letter Agreement dated October 27, 2006. In the agreement, Cookson promised, <u>inter alia</u>, not to "employ any person" then "employed by [MacDermid] in a ... management level position or otherwise reasonably considered by [MacDermid] to be a key employee of whom [Cookson] became aware or came into contact with as a result of [Cookson] evaluating a Possible Transaction..." Selle was a management level employee of MacDermid whom Cookson either became aware of or came into contact with in connection with its evaluation of the Possible Transaction. Cookson's employment of Selle therefore constitutes a breach of the agreement. Cookson further agreed to restrictions on its disclosure, use and acquisition of MacDermid confidential information and has breached those restrictions through activities associated with Selle and others, Cookson agreed to be responsible for breaches by its representatives, including its affiliates. MacDermid also seeks damages against Cookson for its wrongful interference with MacDermid's agreement with Selle; and as set forth in the Amended Complaint.

Pursuant to both Selle's agreements and the letter agreement with Cookson, MacDermid is entitled to equitable relief for their respective breaches.

 B. <u>Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant Cookson Group plc</u>

Cookson Group plc ("Cookson") incorporates the defenses of Selle set forth below. In addition, Cookson states that it does not and has never employed Selle. Selle was employed by Enthone, Inc. Enthone is an indirect subsidiary of Cookson. The Court lacks subject matter jurisdiction over this dispute since the plaintiff seeks to hold Cookson liable for the actions of

4

{W1643999}

Enthone and Enthone is a non-diverse party since its primary place of business is in Connecticut where the plaintiff is also incorporated and has its primary place of business.

As to plaintiff's claims under the Letter Agreement, Cookson did not "employ" Selle and neither Cookson nor Enthone became aware of or came into contact with Selle as a result of Cookson evaluating the Possible Transaction that was the subject of the Letter Agreement. In addition, the Letter Agreement does not prevent Cookson's affiliates from employing Selle.

### C. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant Raymond Selle

Selle was employed by Enthone, Inc. ("Enthone). Enthone is a non-diverse party, and an indispensable party to this litigation that seeks, inter alia, to enjoin Selle from working for his current employer. Enthone's status as an indispensable party necessarily requires dismissal of this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1332, because would-be-defendant Enthone, Inc. and plaintiff MacDermid, Incorporated both are citizens of the State of Connecticut.

Brazilian substantive law governs this dispute because Brazil is the jurisdiction with the closest relationship to this dispute. Selle currently lives in Brazil. He lived and worked for MacDermid in Brazil for the last years prior to September 2007. The covenant not to compete is unenforceable under the law of Brazil. The covenant not to compete is void because it was not supported by consideration. The covenant not to compete is unenforceable as unconscionable and ambiguous. Selle signed the agreement containing the covenant not to compete seventeen years after he began working for MacDermid in exchange for a promise of continued

employment, which is not valid consideration under Connecticut law. The covenant not to compete, by its own terms, protects only alleged secret or confidential information, and Selle is not privy to any such information. The covenant not to compete is invalid because it is not reasonably calculated to protect MacDermid from unfair competition, and it effectively prevents Selle from working in the industry that he has worked in since 1979. Finally, Selle denies disclosure of MacDermid's trade secrets and confidential information.

IV.  STATEMENT OF UNDISPUTED FACTS.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. MacDermid is a corporation organized and existing under the laws of the State of Connecticut.

2. Raymond Selle is a former employee of MacDermid.

3. Cookson Group plc is a public corporation traded on the London stock exchange, with a place of business located at 165 Fleet Street, London, England.

4. Selle entered into an Employee's Agreement with MacDermid dated November 24, 1996; and an Addendum to Employee's Agreement dated June 2, 2002.

5. Cookson entered into a letter agreement with MacDermid dated October 27, 2006.

6. From on or about July 1, 1979 until September 10, 2007, Selle was employed by MacDermid.

7.  At the time that Selle resigned from employment with MacDermid, he was its Sales and Marketing Manager for South America.

V. CASE MANAGEMENT PLAN.

A. The parties request modification of the Standing Order on Scheduling in Civil Cases as follows:

(1) That the conference for the purposes described in Fed. R. Civ. P. 26(f) was held on December 14, 2007 and October 6, 2008, with the filing of the joint 26(f) report on October 8, 2008.

B. Although the parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), the parties are prepared to participate in such a conference to discuss with the Court anticipated discovery issues, including the need to depose third-party witnesses located in Brazil, and entities in other countries. The parties prefer a conference by telephone.

C. Early Settlement Conference

(1) The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practices; they have participated in a preliminary settlement conference; and have concluded that settlement discussions will be most effective after discovery.

   (2) The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. <u>Joinder of Parties and Amendment of Pleadings</u>

  All motions to join parties or to amend the pleadings have been filed. MacDermid's Motion for Leave To File Second Amended Complaint is currently pending before the Court.

E. <u>Discovery</u>[1]

  (1) The parties anticipate that discovery will be needed on the following subjects:

    Selle's employment with MacDermid

    Selle's hiring and employment with Cookson and/or its affiliates

    Cookson's and/or Cookson's affiliates' solicitation of MacDermid employees

    Use of MacDermid trade secrets and/or confidential information by Cookson and/or Selle

    The Letter Agreement between Cookson and MacDermid

    Cookson's obtaining of information in connection with the transaction described in the Letter Agreement

    MacDermid's claim for damages

  (2) Discovery has commenced, and will be completed by March 31, 2010.

---

[1] This discovery plan is based on the current Amended Complaint. The parties will need to make some revisions to this plan if the Second Amended Complaint is permitted.

8

{W1643999}

(3) Discovery will be conducted in phases. The first phase will consist of fact discovery. Fact discovery will be completed by December 30, 2009. Upon completion of the fact discovery phase, a second phase of expert discovery will be conducted. Expert discovery will be completed within three months of the completion of fact discovery.

(4) The parties anticipate that the plaintiffs will require depositions of not more than ten fact witnesses and that the defendants will require a total of not more than ten depositions of fact witnesses in this matter.

(5) The parties request permission to serve more than 25 interrogatories.

(6) The depositions of experts are to commence 30 days after the conclusion of the fact portion of discovery.

(7) Expert Witnesses

Plaintiff proposes the following expert discovery plan:

Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within thirty days of the conclusion of fact discovery. Depositions of such experts will be completed within thirty days from the delivery of the expert report(s) to attorneys for the defendants.

Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from

retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within 30 days of the close of fact discovery. Depositions of such experts will be completed within 60 days from the delivery of the expert report(s) to attorneys for the plaintiff.

Defendants propose staggered rather than simultaneous expert disclosure, as follows:

> Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within thirty days of the conclusion of fact discovery. Depositions of such experts will be completed within thirty days from the delivery of the expert report(s) to attorneys for the defendants.
>
> Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within 15 days of the deposition of plaintiff's experts. Depositions of such experts will be completed within 30 days thereafter.

(8) A damages analysis will be provided by the plaintiff by January 30, 2009.

(9) Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data will be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps

        to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for preservation, disclosure and management of electronically stored information: The parties shall take all reasonable steps to ensure the preservation of electronically stored information; such information shall be considered encompassed within the parties' propounded discovery requests; in the event that any propounded discovery request is rendered burdensome by virtue of the need to search, review, and/or produce electronically stored information, the parties agree to attempt to work together in good faith to formulate cost-effective alternatives (including, but not limited to, the use of appropriate search terms); and the parties agree to confer in good faith to agree on the most appropriate, cost-effective form (i.e., electronic or hard-copy) and format for making productions.

(10)    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Any party that inadvertently produces privileged material may, within a reasonable time of discovering the inadvertent production, notify all other parties and request that the inadvertently produced

privileged material be returned and that all copies be destroyed. Parties receiving such requests shall not refuse to comply unless they seek to challenge before the Court the reasonableness of the producing party's delay between discovery of the inadvertent production and its request that such material be returned and destroyed.

F.  Dispositive Motions

Dispositive motions will be filed within 45 days after the completion of discovery.

G.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 30 days after receipt of Court ruling on any dispositive motion or, if none are filed, 60 days after the completion of discovery.

VI.  TRIAL READINESS

The case will be ready for trial upon filing of the Joint Trial Memoranda.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just speedy and inexpensive determination of this action.

{W1643999}

<u>Written Statement of Counsel Pursuant to Court's 9/29/08 Notice to Counsel</u>

Counsel for all parties state they participated in two conferences pursuant to Rule 26(f) in December 2007 shortly after the case was filed. At that time all parties were preparing diligently for a preliminary injunction hearing in the case. Discovery related to the preliminary injunction hearing was agreed to by all counsel and was conducted in advance of the hearing. At that time, as the result of the focus on the discovery necessary for the preliminary injunction hearing, counsel did not finalize plans for the future management of the case. A draft Report was prepared but information related to post preliminary injunction management was not included. Counsel represents that they proceeded diligently with the matters necessary to move the case forward following the preliminary injunction hearing and have now had an additional conference which resulted in this Report.

MACDERMID, INCORPORATED

By  *Ann H. Rubin* (signature)                          Dated: 10-8-08
Ann H. Rubin (ct 04486)
Carmody & Torrance LLP
50 Leavenworth Street
P. O. Box 1110
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
arubin@carmodylaw.com

COOKSON GROUP PLC

By _[signature]_  Dated: 10-9-08
R. Bart Totten
Adler, Pollock & Sheehan - RI
One Citizens' Plaza, 8th Floor
Providence, RI 02903-2443
Phone: (401) 274-7200
Fax: (401) 351-4607
btotten@apslaw.com

{W1643204;6}

RAYMOND SELLE

By _/s/ John J. Bogdanski_            Dated: 10/8/08
John J. Bogdanski
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190
Phone: (860) 249-1361
Fax: (68) 249-7665
jbogdanski@hl-law.com